# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC C. HAERTLE,**

    Plaintiff,

-vs-                                                          **Case No. 14-C-1347**

**BRENNAN INVESTMENT GROUP, LLC,
and BIG ACQUISITIONS LLC,**

    Defendants.

## DECISION AND ORDER

Eric Haertle, once an officer of the Triad Group, positioned himself to purchase Triad's assets out of bankruptcy. Haertle alleges that Brennan Investment Group, LLC, reneged on its promise to provide financing for the purchase. Haertle brings a total of eight claims under state law, including breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. The defendants, Brennan and BIG Acquisitions LLC, move to dismiss for failure to state a claim. For the reasons that follow, this motion is denied.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB*

*Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). At the same time, Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 678.

Brennan argues that Haertle's breach of contract claim should be dismissed because the terms of the contract are not detailed in the complaint. The complaint lists several conditions set forth in the parties' Financing Agreement, in particular, that Brennan would provide $8.5 million to close the Bankruptcy Sale Transaction, that Brennan would have legal title to the Hartland Real Property, and that Brennan would

lease it back to Haertle on a 10-year term at an initial rate of $3.25 per square foot, "absolute net," with 3% annual rent increases and an option to purchase at the end of the fifth year for $11.3 million. ¶¶ 17(a)-(h). This is certainly enough detail to state an actionable claim.

Brennan also alleges that its performance under the contract was excused because Haertle did not meet all of the conditions precedent for the funding. The complaint alleges that a lawyer for Brennan "stated in a voicemail message that Brennan would not provide Haertle with financing. The sole reason given was that Brennan wanted to bid directly for the Sale Assets. Brennan's bidding directly for the Sale Assets would put it in competition with Haertle for them." Complaint, ¶ 24. In other words, the thrust of the complaint is that Brennan frustrated Haertle's performance under the contract. That, in itself, is a breach of contract. *Swaback v. Am. Info. Tech. Corp.*, 103 F.3d 535, 542 (7th Cir. 1996) ("It is basic contract law that a party who prevents the occurrence of a condition precedent may not stand on that condition's non-occurrence to refuse to perform his part of the contract").

The next three claims are for breach of the duty of good faith and fair dealing; breach of the implied promise to refrain from hindering or obstructing performance of contract; and repudiation of contract. Brennan

argues that these claims should be dismissed because they are subsumed within the breach of contract claim. Haertle argues that it is acceptable to plead them separately. This is a semantic, not substantive, distinction. The claims, such as they are, will not be dismissed, and the Court will not waste time and resources by forcing Haertle to re-formulate his complaint to say what he has already said, only in a different format. Fed. R. Civ. P. 1 (Rules should be construed to "secure the just, speedy, and inexpensive determination of every action").

Haertle's fifth claim is for promissory estoppel, and his sixth claim is for tortious interference with contract. These claims are pleaded in the alternative, so they survive Brennan's motion to dismiss. Fed. R. Civ. P. 8(d)(2), (3).

Haertle's seventh claim is for punitive damages. Brennan argues that punitive damages are unavailable for a breach of contract claim. However, punitive damages can be awarded in contract interference cases. *Brew City Redevelopment Group, LLC v. The Ferchill Group*, 714 N.W.2d 582, 593 (Wis. Ct. App. 2006).

Finally, Haertle's last claim is to pierce the corporate veil of the second defendant, BIG Acquisitions. Haertle alleges that BIG Acquisitions was organized, controlled and conducted so that it had no separate

existence of its own and was the mere instrumentality of Brennan. Haertle also alleges that BIG Acquisitions had insufficient capital to finance an $8.5 million transaction. ¶ 66(b) (BIG Acquisitions had less than $10,000 in assets at time of contracting). Undercapitalization is grounds to disregard the corporate veil. *Consumer's Co-op of Walworth Cnty. v. Olson*, 419 N.W.2d 211, 216 (Wis. 1988); *Fiumetto v. Garrett Enters., Inc.*, 749 N.E.2d 992, 1005 (Ill. Ct. App. 2001) ("The capitalization of a corporation is a major factor in assessing whether a legitimate separate corporate entity existed").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the defendants' motion to dismiss [ECF No. 8] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**